# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| SHARON VIRGINIA LENORE NORDIN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-CV-00830-CAN |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER ON
## MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

Pursuant to 42 U.S.C. § 406(b), Dominick Bonino ("Movant"), counsel for Plaintiff Sharon Virginia Lenore Nordin ("Plaintiff"), filed the instant Motion for Attorney Fees pursuant to § 406(b) of the Social Security Act [Dkts. 35; 36]. The court, having considered the pleadings, the evidence submitted, and the applicable law, is of the opinion the Motion should be **GRANTED**, as set forth herein.

## BACKGROUND

On October 31, 2016, Plaintiff initiated this suit, seeking judicial review of the Commissioner's decision denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act") [Dkt. 1]. On March 28, 2017, the Court entered its Memorandum Opinion and Order, and further entered Final Judgment, remanding the case to the Commissioner for further proceedings [Dkts. 26; 27]. Pursuant to the Equal Access to Justice Act ("EAJA"), the court awarded Plaintiff attorney's fees in the amount of $6,540.80 [Dkt. 34]. On remand, the Commissioner rendered a fully favorable decision on December 12, 2018 [Dkt. 35-2 at 2]. On May 28, 2019, Movant filed the instant Motion, seeking an award of attorney's fees under § 406(b) of the Social Security Act in the

amount of $16,099.50, representing twenty-five percent of the past-due benefits awarded [Dkts. 35; 36]. Plaintiff and Movant executed a contingency fee agreement, which provided Movant was entitled to twenty-five percent of Plaintiff's past-due benefits [Dkt. 35-3]. The Commissioner filed a Response to the Motion, in which the Commissioner does not take a position as to the reasonableness of the award requested, but instead points out the law pertaining to the grant of such fees [Dkt. 38].

## APPLICABLE LAW

42 U.S.C. § 406 governs attorney's fees for the representation of clients claiming Social Security disability benefits. 42 U.S.C. § 406.[1] Under 42 U.S.C. § 406(b)(1)(A), an attorney representing a successful claimant may be awarded by the court "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1). The 25 percent of past-due benefits represents only a ceiling for fees, not an amount that is automatically considered reasonable. *Gisbrecht v. Barnhart*, 535 U.S. at 807. The fee awarded is paid "out of, and not in addition to, the amount of [the] past-due benefits." 42 U.S.C. § 406(b)(1). Notably, a prevailing claimant may collect fees under both the Social Security Act and the Equal Access to Justice Act, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. at 796.

The ultimate issue is whether the requested attorney's fees are reasonable. *See Gisbrecht*, 535 U.S. at 792; *Jeter v. Astrue*, 622 F.3d 371, 371 (5th Cir. 2010). This decision lies within the discretion of the court. *Gisbrecht*, 535 U.S. at 793. In making such determinations, the *Gisbrecht*

---

[1] Under § 406(a), the Commissioner of the Social Security Administration awards fees for successful representations at the administrative level; under § 406(b), the court awards fees for successful representations in the district court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Attorneys can recover fees under both § 406(a) and (b), subject to limitations. 42 U.S.C. § 406. In the past, the aggregate of the fees awarded to a successful claimant under both § 406(a) and § 406(b) was capped at twenty-five percent of the total past-due benefits. *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). However, recently in *Culbertson*, the United States Supreme Court held "the statute does not impose a 25% cap on aggregate fees" and fee awards under § 406(a) and § 406(b) come from "two pools of money." *Id.* at 519.

court determined that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id*. at 807. However, the court must still act as an "independent check" to assure that the contingency fee agreement yields "reasonable" results. *Id*; *Brown v. Sullivan*, 917 F.2d 189, 192 (5th Cir. 1990) (finding it is the duty of the district court to determine a reasonable fee given the circumstances of each particular case). The Supreme Court and the Fifth Circuit have provided a non-exhaustive list of factors to determine the reasonableness of fee awards, including but not limited to: (1) the quality of the representation; (2) whether counsel was responsible for delay in the litigation while benefits accumulated during the case; or (3) whether the award is a "windfall" for counsel. *See Gisbrecht*, 535 U.S. at 808; *Jeter*, 622 F.3d at 377.[2] Courts are to give contingency-fee relationships "'primacy'—recognizing that this would in some instances result in an excessively high fee award to an individual attorney." *Id.* at 379. Movant bears the burden of establishing that his fee request is reasonable. *Gisbrecht*, 535 U.S. at 807.

## ANALYSIS

Here, Movant is seeking an award of $16,099.50.00 in attorney's fees under § 406(b) for the successful representation of Plaintiff in federal court [Dkt. 35]. Plaintiff's Notice of Award advises that this represents twenty-five percent of past-due benefits [Dkt. 35-3 ("We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee. We withheld $16,099.50 from your past-due benefits in case we need to pay your lawyer")].

---

[2] In determining whether counsel would be receiving a "windfall," some courts consider additional factors, such as: risk of loss in representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee. *See Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). Additionally, while the court is precluded from evaluating § 406(b) fee petitions under the "lodestar" method, the court can use (but may not rely solely on) the "lodestar" factors in determining the reasonableness of a fee award. *Jeter*, 622 F.3d at 380 (concluding that courts may consider the lodestar "so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage").

The requested fee award is equal to the statutory cap of twenty-five percent of past-due benefits and complies with § 406(b). *See* 42 U.S.C. § 406(b). Moreover, Plaintiff and Movant have a contingency fee agreement. The signed agreement, states in pertinent part, "[i]f fees under EAJA are awarded, and Client prevails on receiving additional Social Security Benefits on the basis of the same claim as the EAJA award, either before the Court or before SSA on remand, and if 25% of the past due benefits payable to Client and Client's family is greater than the fee under EAJA, then the fee owed to Attorney will be 25% of the past due benefits payable to Client and Client's family minus the fee paid under EAJA" [Dkt. 35-3 at 2]. The agreement falls within the statutory ceiling. Moreover, Plaintiff knowingly entered into an agreement with Movant for an amount equal to twenty-five percent of the awarded past-due benefits, and clearly, intended to pay Movant twenty-five percent (the maximum allowed under § 406(b)) if she obtained past-due benefits as a result of counsel's representation.

In addition, there is no indication of any lack of quality in Movant's representation. The Commissioner does not dispute that remand resulted from Movant's efforts on behalf of Plaintiff. There is also no indication of any delay undertaken by Movant. Certainly, Movant timely filed the instant request for fees upon receipt of the Notice of Award.

Nor is there any indication that this award represents a windfall to Movant. Movant asserts a total of 33.60 attorney hours were expended on Plaintiff's representation in front of this Court, resulting in an hourly rate of $479.15 [Dkts. 35-3 at 5; 36 at 3; 38 at 3]. This rate is reasonable and reflects that there is risk involved in accepting the representation on a contingency basis and seeking a favorable outcome for Plaintiff. This rate is also below rates that have been approved by other courts in this circuit as reasonable and not representing a windfall. *See, e.g.*, *Jeter*, 622 F.3d at 381-82 (finding an hourly fee that is 2.5 times counsel's regular hourly fee to be

reasonable).³ Considering all lodestar-type factors, as well as the highly favorable result achieved, the quality of representation provided, and the substantial risk of loss facing a claimant in a social security case, the Court finds that the hourly rate is reasonable and does not constitute a windfall.

Lastly, attorney's fees were previously awarded under EAJA. Movant does not dispute he must refund the smaller fee amount, which in this case is the EAJA fee award of $6,540.80 [Dkt. 34]. In fact, Movant avers that upon receipt of the sum requested herein, he will remit the previously awarded EAJA fee directly to Plaintiff [Dkt. 35-2 at 4].

The Court, therefore, concludes that the requested contingency fee award in the amount of $16,099.50 is reasonable and should be awarded.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that the Motion for Attorney Fees pursuant to § 406(b) of the Social Security Act [Dkts. 35; 36] is **GRANTED**. Movant shall be awarded the sum of $16,099.50, to be paid out of Plaintiff's past-due benefits for representation before this Court in the instant cause. Upon receipt of this award, Movant shall remit to Plaintiff the EAJA award of $6,540.80 previously granted in this case.

**SIGNED this 22nd day of October, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

---

³ *Richardson v. Colvin*, No. 4:15-CV-0879-BL, 2018 WL 1324951, at *2 (N.D. Tex. March 3, 2018) (finding an hourly rate of $937.50 to be reasonable); *Wilson v. Berryhill*, No. 3:13-CV-1304-N-BH, 2017 WL 1968809, at *2 (N.D. Tex. Apr. 7, 2017) (finding an hourly rate of $937.50, a rate two and a half times counsel's regular billing rate, was reasonable).